CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 03 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CECIL E. WAMPLER, | ) | Civil Action No. 7:10-cv-00515 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. James C. Turk |
|     Respondent. | ) | Senior United States District Judge |

Cecil Edward Wampler, Jr., a federal inmate proceeding pro se, filed a petition for writ of audita querela as a civil action.[1] He argues that his federal conviction must be invalidated because his criminal defense counsel was ineffective. After reviewing the court's records, the court finds that petitioner is not entitled to the writ and dismisses the action without prejudice.

The writ of audita querela, along with writs of coram nobis, coram vobis, and other common law writs, was specifically abolished in federal civil actions by amendments to Fed. R. Civ. P. Rule 60(b), effective in 1948. The United States Supreme Court recognizes, however, that the ancient writ of coram nobis is still available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 U.S.C. §1651(a). See United States v. Morgan, 346 U.S. 502 (1954). Accordingly, some courts have generally held that the writ of audita querela may also still be available under extraordinary and extremely rare circumstances. See United States v. Reyes, 945 F.2d 862, 865-66 (5th Cir. 1991) (citing other cases). The writ of audita querela is available, if at all, where a legal objection to a conviction arises after conviction and could not have been raised in some other post-conviction proceeding, such as a 28 U.S.C. § 2255 motion to vacate. United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991). "The defense or

---

[1] Petitioner did not pay the filing fee at the time of filing his petition; thus, the court construes petitioner's pleadings as requesting leave to proceed in forma pauperis.

discharge must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief." Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997) (quoting United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992)). See United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (explaining that "[a]udita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction").

On August 10, 2005, Wampler pled guilty to various drug and firearm offenses and was sentenced on October 25, 2005, to 248 months imprisonment and five-years supervised release. He filed a motion to rescind his guilty plea, which the court denied. Wampler did not appeal his conviction but filed a § 2255 motion, alleging that his counsel was constitutionally ineffective. The court dismissed the motion as untimely filed, and the court and the Fourth Circuit Court of Appeals declined to issue a Certificate of Appealability.

Although petitioner claims he is actually innocent of the charges to which he pled guilty, he fails to demonstrate that he could not have acquired the knowledge of being forced to plead guilty before the expiration of time to note an appeal or timely file a § 2255 motion. Furthermore, petitioner can still raise his claims in a § 2255 motion after receiving permission from the Court of Appeals. See, e.g., Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (per curiam) (stating § 2255's statute of limitations is subject to equitable tolling). Therefore, the court will not issue the requested writ of audita querela.

As petitioner is not entitled to a writ of audita querela and his claims essentially challenge the legality of his imposed criminal judgment, the court could construe his pleading as a § 2255 motion. Petitioner previously filed other § 2255 motions concerning the same conviction and

2

sentence. See, e.g., United States v. Wampler, No. 1:04-cr-00067-1 (W.D. Va.). Therefore, petitioner's current pleading would be a second or subsequent § 2255 motion, falling under the successive petition bar in § 2255(h). Under this provision, a district court may consider a second or successive § 2255 motion only upon specific certification from the appropriate United States Court of Appeals. As petitioner has not submitted any evidence that he has obtained certification from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion, the court declines to construe the pleading as another § 2255 motion.

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis, dismisses without prejudice petitioner's petition for a writ of audita querela, and declines to construe the request as a successive motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 2nd day of December, 2010.

James C. Turk
Senior United States District Judge